UNITED STATES DISTRICT COURT    06cv1009rul

DISTRICT OF CONNECTICUT

BOBBI L. BOLTON                 :
                                :           PRISONER
     v.                         : Case No.  3:06CV1009(AHN)(HBF)
                                :
FEDERAL BUREAU OF PRISONS, et al.:

RULING AND ORDER

Plaintiff seeks appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915.  For the reasons set forth below, plaintiff's motion is denied without prejudice.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel.  See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989).  The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that she is unable to obtain counsel.  Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

Plaintiff states in her motion that she has contacted only one legal assistance provider in Connecticut.  She does not indicate that she contacted any private law firms or other legal assistance organizations to seek legal assistance with this case.  Thus, the court cannot determine whether plaintiff can obtain legal assistance on her own.

Further, when deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." Id.  In Cooper v. Sargenti, the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit."  877 F.2d at 173-74.  The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 171.

Here, the record shows no return of service.  Thus, the court concludes that plaintiff has not yet effected service of the amended complaint.  On the current record, the court cannot determine whether plaintiff's claims pass the test of likely merit.  Accordingly, plaintiff's motion for appointment of counsel [**doc. #6**] is **DENIED** without prejudice to renewal at a later stage of litigation.  Any renewed motion shall further document plaintiff's efforts to obtain pro bono counsel on her own.

**SO ORDERED** this 8th day of August, 2006, at Bridgeport, Connecticut.

                                        /s/
                                        HOLLY B. FITZSIMMONS
                                        UNITED STATES MAGISTRATE JUDGE